Paul W. Garrity (pgarrity@sheppardmullin.com)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, New York 10112-0015
Telephone: (212) 653-8700
Facsimile: (212) 653-8701

Martin R. Bader (mbader@sheppardmullin.com)
 (*pro hac vice* application forthcoming)
William J. Blonigan (wblonigan@sheppardmullin.com)
(*pro hac vice* application forthcoming)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 200
San Diego, California 92130-2006
Telephone: (858) 720-8900
Facsimile: (858) 509-3691

*Attorneys for Plaintiffs WundaFormer, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WUNDAFORMER, LLC<br><br>    Plaintiff,<br><br>    v.<br><br>FLEX STUDIOS, INC.,<br>FLEX STUDIOS UNION SQUARE, LLC,<br>FLEX STUDIOS NOHO, LLC<br><br>    Defendants. | Docket No. 1:15-cv-4802<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff WundaFormer, LLC ("WundaFormer"), by its attorneys, Sheppard, Mullin,

Richter & Hampton LLP, hereby files its Complaint for patent infringement against Defendants

Flex Studios, Inc., Flex Studios Union Square, LLC, and Flex Studios NoHo, LLC (collectively,

"Flex Studios," or "Defendants"), as follows:

## PARTIES

1.      WundaFormer is a limited liability company organized and existing under the laws of the State of California, with its principal place of business at 2303 Honolulu Avenue, Montrose, California 91020.

2.      WundaFormer is the owner by full assignment of all rights and title in United States Patent No. 8,602,953 (the "'953 Patent"), titled *Reformer Apparatus Having Integral Ergonomic Purchase Translatable into Deployed and Stowed Positions*.

3.      WundaFormer manufactures and sells the Pilates machine known as the WundaFormer® exclusively to franchisees of WundaBar Franchising, Inc. ("WundaBar Franchising"). WundaBar Franchising has sold several franchises in California and markets the opportunity to purchase additional franchises in various locations throughout the United States, including in this District.

4.      On information and belief, defendant Flex Studios, Inc. is a corporation organized and existing under the laws of New York, with its principal place of business at 357 West 55th Street, Apartment 5H, New York, New York 10019.

5.      On information and belief, defendant Flex Studios, Inc.'s CEO, Jeanette Simon, is its majority shareholder.

6.      On information and belief, defendant Flex Studios Union Square, LLC ("Flex Studios Union Square") is a corporation organized and existing under the laws of New York, with its principal place of business at 47 West 14th Street, New York, New York 10011.

7.      On information and belief, defendant Flex Studios NoHo, LLC ("Flex Studios NoHo") is a corporation organized and existing under the laws of New York, with its principal place of business at 650 Broadway, New York, New York 10012.

8.      On information and belief, Flex Studios, Inc. is the parent company of Flex Studios Union Square, LLC and Flex Studios NoHo, LLC.

9.      On information and belief, defendants Flex Studios NoHo, LLC and Flex Studios Union Square, LLC are owned by the same individuals and/or entities as Flex Studios, Inc.

## JURISDICTION AND VENUE

10.     WundaFormer's claims for patent infringement arise under 35 U.S.C. § 271.

11.     This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338.

12.     Venue for these counterclaims is proper in this Court pursuant to 28 U.S.C. §§ 1391 and/or 1400, because each Defendant resides in the District and committed the alleged infringing acts in the District.

13.     This Court has personal jurisdiction over Defendants, because each defendant is registered to do business, and has its principal place of business, in New York, and because defendants Flex Studios Union Square and Flex Studios NoHo each have a registered agent in New York, one of whom is defendant Flex Studios, Inc.'s CEO.

## THE '953 PATENT

14.     The United States Patent and Trademark Office duly and legally issued the '953 Patent on December 10, 2013, to its sole inventor, Amy C. Jordan. A copy of the '953 Patent is attached hereto as **Exhibit A**.

15.     The '953 Patent remains valid and enforceable.

16.     Mrs. Jordan assigned all substantial rights under the '953 Patent to WundaFormer, including the full rights to enforce it against infringers and collect for past damages.

## WUNDABAR NOTIFIES FLEX STUDIOS OF ITS INFRINGEMENT

17.     On March 26, 2015, WundaFormer sent Defendants a letter that identified and demonstrated Defendants' infringing activities and enclosed a copy of the '953 Patent and a claim chart exemplifying ways in which Defendants infringe.

18.     On April 1, 2015, counsel for Flex Studios (also referred to as Flex Studios, herein) indicated a "cursory review" of WundaFormer's March 26, 2015 letter "indicate[d] no incidence of infringement as described," but indicated a substantive response would follow.

19.     On April 13, 2015, counsel for Flex Studios indicated that WundaFormer would receive a substantive response to its March 26 letter by no later than May 8, 2015. Based on that representation, WundaFormer agreed to wait until May 8 for a substantive response.

20.     By May 21, 2015, Flex Studios still had not provided a substantive response, but represented that it had only eight Flexformers, all of which were located on defendant Flex Studios Union Square, LLC's premises.

21.     Between June 2, 2015, and June 10, 2015, the parties conferred regarding the substance of WundaFormer's infringement claims.

22.     On June 16, 2015, Flex Studios confirmed it would not be available to further discuss any potential resolution until at least June 24, 2015—two days after defendant Flex Studios NoHo had announced it would be opening a new Flex Studios location.

23.     That same day, counsel for WundaFormer (also referred to as WundaFormer, herein) inquired whether Flex Studios would agree to discuss the terms of any possible resolution before the new Flex Studios NoHo location opened. Flex Studios never responded.

## COUNT ONE

### (Infringement of the '953 Patent)

24.     WundaFormer repeats and realleges paragraphs 1–23 as if fully set forth herein.

25.     On information and belief, Flex Studios makes, uses, offers for sale, imports, and/or sells the Flexformer apparatus (the "Flexformer").

26.     On information and belief, the Flexformer was manufactured, at least in part, by Villency Design Contract, LLC.

27.     On information and belief, the Flexformer was manufactured, at least in part, by Villency Design Group, LLC.

28.     On information and belief, one or more of the defendants purchased Flexformers from Villency Design Contract, LLC.

29.     On information and belief, one or more of the defendants purchased Flexformers from Villency Design Group, LLC.

30.     The Flexformer is configured as claimed in one or more claims of the '953 Patent, including at least claims 11 and 15 of the '953 patent.

31.     The Flexformer is designed for use while performing Pilates exercises. It includes two ends connected by rails, which form a rectangular frame, a movable carriage on rollers that allow it to glide along the rails, and an adjustable chair that allows users to perform more exercises than could be performed without an adjustable chair.

32.     On information and belief, Defendants each make, use, sell, and/or offer the Flexformer for sale.

33.     On information and belief, Flex Studios, Inc. and/or Flex Studios Union Square began selling and offering for sale classes using the Flexformer at least as early as January 19, 2014.

34.     On information and belief, defendants Flex Studios, Inc. and/or Flex Studios NoHo began advertising and offering for sale classes that include using the Flexformer at least as early as March 9, 2015.

35.     On June 10, 2015, Flex Studios informed WundaFormer, for the first time, that one or more defendants had purchased 30 Flexformers, were using 12 in the Flex Studios Union Square location, and intended to be using 12 additional Flexformers "within the next month," as of the opening of the new NoHo location.

36.     On information and belief, defendants Flex Studios, Inc. and/or Flex Studios NoHo announced the NoHo commercial location and planned opening date of June 22, 2015, via tweet by Jenn Seracuse is Director of Pilates at Flex Studios, from her Twitter account, handle @leanbodypilates, at least as early as June 8, 2015.

37.     On information and belief, beginning on or about June 22, 2015, defendant Flex Studios NoHo will offer fitness classes to be taught using Flexformers.

38.     On information and belief, Defendants have been, and are now, infringing the '953 Patent directly and indirectly, including by way of induced and/or contributory infringement, as well as literally and/or under the doctrine of equivalents, by their conduct committed in the United States, including in this District, such as by making, using, offering for sale or use, importing, and/or selling the Flexformer, without authority from WundaFormer.

39.     Defendants engage in contributory and induced infringement through directing and/or engaging in manufacturing, using, offering for use, supplying, offering to supply, and/or

purchasing the Flexformer, including by offering classes, such as the classes offered under the names FlexPilates, FlexPilates Pure, FlexPilates Foundations, FlexPilates Prenatal, Mommy & Me, Flex30/30, and Flex90, on Defendants' website (www.flexstudios.com) and on ClassPass (www.classpass.com).

40.    Based on at least the above facts and allegations, Defendants have infringed, and continue to infringe, the '953 Patent, and Defendants' infringement is willful, *i.e.*, Defendants committed their infringing actions despite an objectively high likelihood those actions constitute(d) infringement of a valid patent.

41.    For example, Defendants did not consider WundaFormer's patent before making, using, selling, offering for sale, and/or importing Flexformer.

42.    Defendants had knowledge of their infringement.

43.    Defendants' infringing activities have caused, and continue to cause, WundaFormer to suffer damages which WundaFormer is entitled to recover in an amount adequate to compensate for the infringement, but in no less than a reasonable royalty to be determined at trial.

44.    Defendants' infringing activities have also caused, and continue to cause, WundaFormer to suffer irreparable harm, such as diverting from WundaFormer customers who would otherwise buy WundaFormer equipment, that cannot be remedied at law, and unless Defendants are each preliminarily and permanently enjoined from committing additional infringing activities, WundaFormer will continue to suffer such irreparable harm. Because at least some of the damages plaintiff has sustained and will incur in the future on account of Defendants' infringement are uncertain and impossible to calculate, WundaFormer has no adequate remedy at law.

45.     Defendants have created an actual and justiciable controversy between themselves and WundaFormer by engaging in the above infringing activities and commercially exploiting the '953 Patent without authorization.

## PRAYER FOR RELIEF

WHEREFORE, WundaFormer requests entry of a judgment:

A.     Finding that Defendants have infringed, induced others to infringe, and/or contributorily infringed one or more claims of the '953 Patent;

B.     Awarding, under 35 U.S.C. § 284, damages, with prejudgment interest, against Defendants in an amount adequate to compensate for Defendants' infringement, but not less than a reasonable royalty, together with interest and costs calculated by the Court, for the harm suffered by WundaFormer as a result of Defendants' acts of infringement;

C.     Awarding, under 35 U.S.C. § 284, damages up to three times the amount found or assessed, on account of Defendants' willful, intentional, and egregious infringing acts;

D.     Issuing preliminary and final injunctions against Defendants and their agents, servants, employees and attorneys, and all other persons acting in concert or in participation with Defendants, enjoining Defendants from further infringing the '953 Patent, and requiring an accounting for damages and an assessment of interest and costs against Defendants;

E.     Declaring this case exceptional, under 35 U.S.C. § 285 and 15 U.S.C. § 1117(a);

F.     Awarding WundaFormer its costs and reasonable attorneys' fees incurred in this action; and

G.     Awarding any other relief the Court deems just and proper.

## JURY DEMAND

WundaFormer demands a jury trial on all issues triable to a jury in this matter.

Dated: June 19, 2015     Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:    *s/ Paul W. Garrity*
       Paul W. Garrity

30 Rockefeller Plaza
New York, New York 10112
Tel.  (212) 653-8700
Fax  (212) 653-8701
pgarrity@sheppardmullin.com

Martin R. Bader (*pro hac vice* application forthcoming)
William J. Blonigan (*pro hac vice* application forthcoming)
12275 El Camino Real, Suite 200
San Diego, California 92130
Tel.  (858) 720-8900
Fax  (858) 509-3691
mbader@sheppardmullin.com
wblonigan@sheppardmullin.com

*Attorneys for Plaintiff WundaFormer, LLC*

SMRH:438947238.1